UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN BALLINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-01424-JMS-DKL |
| | ) | |
| STAN KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of John Ballinger on for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 16-02-0142. For the reasons explained in this Entry, Ballinger's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B. The Disciplinary Proceeding**

On February 8, 2016, Correctional Officer Bill Cash issued a Report of Conduct charging Ballinger with possession of a cellular phone in violation of Code A-121. The Report of Conduct states, "On the above date at approximately 12:30 PM, I Officer B. Cash was doing a shakedown of offender Ballinger, J. #903123 (OS1-23) property. As I was searching his assigned locker I found a LG Verizon cell phone velcroed under his assigned locker". Ballinger was notified of the charge on February 12, 2016, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing. The Screening Officer noted that Ballinger did not request any witnesses or evidence other than the cell phone.

The Hearing Officer conducted a disciplinary hearing on March 16, 2016. During the hearing, Ballinger offered the statement, "It was not my phone. I never made any calls on it. The cabinet was missing a panel along the bottom so that anyone had access to putting something under it. I stay out of trouble." The Hearing Officer determined that Ballinger had violated Code A-121 possession of a cell phone based on the staff statements, the offender statement, and the cell phone. The sanctions imposed included the deprivation of 180 days of earned credit time and a demotion from credit class I to II. The Hearing Officer imposed the sanctions because of the seriousness, frequency, and nature of the offense, the offender's attitude and demeanor during the hearing, the degree to which violation disrupted or endangered the security of the facility, and the likelihood of the sanction having a corrective effect on the offender's future behavior.

Ballinger's appeals were denied and he filed the present petition for a writ of habeas corpus.

**C. Analysis**

Ballinger challenges the disciplinary action taken against him arguing that the evidence was insufficient to sustain the conviction.

In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786.

The evidence to support Ballinger's disciplinary conviction included Officer Cash's statement that the cell phone was located under Ballinger's locker and the cell phone itself. This is "some evidence" sufficient to sustain the conviction. In support of his argument that the evidence against him was insufficient, Ballinger asserts that "those cabinets/lockers can only be removed by usage of power tools." This appears to be an argument that someone else placed the cell phone on his locker. But this is not enough to show that the evidence was not sufficient. First, a disciplinary conviction can be based on the concept of "constructive possession" – that an item located in an area accessible to the prisoner and few others can be determined to be in his possession. *See Pigg v. Finnan*, 289 F. App'x 945, 947 (7th Cir. 2008) ("When only a few inmates have access to the place contraband is found, constructive possession is "some evidence" sufficient to sustain a disciplinary conviction.") (citing *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992); *Mason v. Sargent*, 898 F.2d 679, 679-80 (8th Cir. 1990)). In addition, this argument does

not directly undercut the reliability of the evidence relied on – that the cell phone was found attached to Ballinger's locker. *See Meeks,* 81 F.3d at 720. Ballinger thus has not shown his entitlement to habeas relief based on his argument that the evidence was insufficient to support the disciplinary conviction.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Ballinger to the relief he seeks. Accordingly, Ballinger's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/27/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov

JOHN BALLINGER
903123
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168